**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30232 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00024-TOR-5 |
| v. | |
| JASON LEE ZUCKER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted July 13, 2018
Seattle, Washington

Before: CLIFTON and NGUYEN, Circuit Judges, and BATTAGLIA,** District Judge.

Jason Lee Zucker appeals the district court's denial of his motion to dismiss several federal criminal charges brought against him related to cultivation of marijuana. Zucker, who subsequently pled guilty to conspiracy to manufacture and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), argues that his prosecution violated both an appropriations rider and his substantive due process and equal protection rights. We review the district court's denial of a motion to dismiss, including on the basis of its interpretation of a federal statute, de novo. *United States v. Olander*, 572 F.3d 764, 766 (9th Cir. 2009). We also review his constitutional challenge de novo. *United States v. Hancock*, 231 F.3d 557, 561 (9th Cir. 2000).

Zucker was indicted for conspiracy to manufacture and distribute marijuana plants. In the midst of Zucker's prosecution, Congress passed an appropriations bill that included a rider preventing the Department of Justice from using funds to prevent certain states, including Washington, "from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, § 538, 128 Stat. 2130, 2217 (2014) ("Section 542"). Zucker moved to dismiss all charges, arguing that Section 542 prevented his continued prosecution. The district judge denied the motion, finding the government had proffered evidence of Zucker's non-compliance with Washington's medical marijuana laws:

> Although Defendants attempt to frame this prosecution as merely one of medical marijuana patients, the United States has proffered evidence to demonstrate that Defendants were operating a for-profit marijuana

> business. . . . According to the United States, the records obtained from the search evidence the sale of marijuana to persons other than qualifying patients participating in the oversized collected garden. Because such conduct is not authorized or sanctioned by Washington's medical marijuana laws, even considering available affirmative defenses, the United States is not prevented from using funds to prosecute this conduct under the recent appropriations rider.

The district court did not mention any additional evidence regarding compliance in his order, and a transcript of the proceedings is not part of the appellate record.

In *United States v. McIntosh*, we considered a nearly-identical challenge to a federal marijuana prosecution. 833 F.3d 1163, 1179 (9th Cir. 2016). Appellants argued that they could not face federal prosecution because of their compliance with California's Compassionate Use Act, but we found there was not enough evidence in the appellate record to determine state-law compliance and remanded the case back to the district court for an evidentiary hearing. *Id.* at 1171, 1179. Zucker argues his case is distinguishable from *McIntosh* because state officials implemented the state's scheme seamlessly by putting Zucker in compliance with state plant-limit amounts and using prosecutorial discretion in deciding not to pursue criminal charges against him. However, like *McIntosh*, this record is factually incomplete as to compliance. The district court's passing reference to "records" found at the residence during the search warrant's execution, without further explanation as to what those records revealed and to whom they belonged,

does not definitively prove a *per se* state violation. Similarly, the order's reference to evidence demonstrating that Zucker ran a "for-profit marijuana business"—without discussing precisely what that evidence is—hinders our review of the factual record.

Thus, on the issue of whether Zucker's prosecution violates Section 542, we **REVERSE AND REMAND** for the limited purpose of holding an evidentiary hearing to develop the record to identify compliance, or noncompliance, with Washington State's statutory scheme. At this time, we decline to address Zucker's argument that he did not "knowingly" violate the law under the collective gardens statute, RCWA 69.51A.085(3), or whether he was entitled to any alleged leniency built into the scheme. If the district court finds that Zucker complied with state law, his motion to dismiss should be granted.

As to Zucker's claims that his prosecution violates his substantive due process and equal protection rights we **AFFIRM** the district court's order denying his motions to dismiss on those grounds as these arguments are foreclosed by Ninth Circuit precedent. *See Raich v. Gonzalez*, 500 F.3d 850, 854–55, 864–66 (9th Cir. 2007) (denying a substantive due process challenge to marijuana's inclusion in the Controlled Substances Act and finding that access to medical marijuana is not a fundamental right); *see also United States v. Christie*, 825 F.3d 1048, 1065–66 (9th Cir. 2016) (denying a due process challenge to marijuana's

classification as a Schedule I controlled substance). As a result, Zucker's request for judicial notice is **DENIED** as moot since we did not examine the merits of his due process claim.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**